**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Jose M. Soriano, on behalf of himself and all
other similarly situated persons, known and
unknown, Plaintiffs,
v.
Mendez Cleaning Services Corporation, and
Mirna I. Mendez, individually, Defendants.

## COMPLAINT

NOW COMES Mario Hernandez, on behalf of himself and all other similarly situated persons,

known and unknown ("Plaintiff"), through counsel, and for his Complaint against Mendez

Cleaning Services Corporation and Mirna I. Mendez, individually, (collectively, "Defendants"),

states:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act,

   29 U.S.C. § 201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et*

   *seq.* ("IMWL"), for Defendants' failure to pay Plaintiffs and other similarly situated employees

   overtime wages for hours worked in excess of forty (40) hours in a week.

2. Defendants' unlawful compensation practices have denied Plaintiff and other similarly situated

   persons their earned and living wages.

3. Plaintiff brings Counts I and of this Complaint as a Collective Action under the FLSA, 29

   U.S.C. § 216(b).  Plaintiff's FLSA collective action consent form is attached hereto as Exhibit

   A.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b).  Supplemental jurisdiction over Plaintiff's Illinois statutory claims are invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.  This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiffs' claims occurred within this judicial district.

## THE PARTIES

### Plaintiff

6.  Plaintiff resides in, is domiciled in, and was employed by Defendants in Cook County, Illinois, which is in this judicial district.

7.  Defendants operate a cleaning service business called "Mendez Cleaning Services Corporation".

8.  Plaintiff worked for Defendants' cleaning service business.

9.  During the course of his employment, Plaintiff was involved in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and the IMWL, 820 ILCS 105/1 *et seq.*

### Defendants

10.  Defendant Mendez Cleaning Services Corporation is an Illinois corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of  29 U.S.C. § 203(s)(1)(A).

2

11. Defendant Mendez Cleaning Services Corporation has had two (2) or more employees involved in interstate commerce.

12. Defendant Mendez Cleaning Services Corporation was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

13. Defendant Mirna I. Mendez is the President of Mendez Cleaning Services Corporation and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Mirna I. Mendez was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Upon information and belief, Defendant Mirna I. Mendez resides and is domiciled in this judicial district.

## FACTS

16. Plaintiff worked for Defendants as a driver and maintenance worker.

17. Plaintiff worked for Defendants from April 2013 until February 26, 2015.

18. Plaintiff worked approximately seventy-two and a half (72.5) hours per week and was not compensated at time and a half his hourly rate for all hours worked in excess of forty (40) hours in a workweek.

19. Plaintiff was paid $13.00 per hour.

20. Plaintiff worked over forty (40) hours or more as directed by Defendants, but was not paid proper overtime wages for time worked in excess of forty (40) hours.

21. Defendants denied Plaintiff and other similarly situated employees their earned wages.

22. Plaintiff is not exempt from the overtime provisions of the FLSA or the IMWL.

## COUNT I: VIOLATION OF THE FLSA
**Overtime Wages**

23. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

24. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

25. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

26. Defendants did not compensate Plaintiff or members of the class at an overtime rate calculated in accordance with the tip credit provisions of the FLSA.

27. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

28. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A. Determine that this action may be maintained as a collective action pursuant to the FLSA.

B. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. Declare Defendants to be in violation of the FLSA;

E.  Enjoin Defendants from violating the FLSA;

F.  Award reasonable attorneys' fees and costs; and

G.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II: VIOLATION OF THE IMWL
### Overtime Wages

29. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

30. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

31. Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

32. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual work weeks.

33. Plaintiff and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

34. Defendants did not pay Plaintiff, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

35. Defendants violated the IMWL by failing to pay Plaintiff, and other similarly situated employees, overtime wages for all hours worked in individual work weeks.

36. Pursuant to 820 ILCS 105/12(a), Plaintiff and other similarly situated employees are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully request that this Honorable Court:

A.  Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B.  Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS §

   105/12(a) and 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Enjoin Defendants from violating the IMWL;

E.  Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.  Grant such other and further relief as this Honorable Court deems just and proper.


   Respectfully submitted,

   s/ Raisa Alicea
   Raisa Alicea
   Consumer Law Group, LLC
   6232 N. Pulaski, Suite 200
   Chicago, IL 60646
   (312) 800-1017
   ralicea@yourclg.com